Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN MEYERS, an individual;<br><br>Plaintiff,<br><br>v.<br><br><br>PROG LEASING, LLC, a foreign limited-liability company;<br><br>Defendant. | Case No.: 2:19-cv-01464<br><br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br><br>**JURY DEMAND** |

Plaintiff, Justin Meyers ("Plaintiff"), by and through his attorney of record, Kevin L. Hernandez, Esq. of the Law Office of Kevin L. Hernandez, and for his claims for relief against Defendant, Prog Leasing, LLC ("PLL"), complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises out of PLL's violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227, *et seq*. and related state law obligations brought as supplemental claims in this action.

2. This Court has jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227.

3. This court has supplemental jurisdiction over Plaintiff's Intrusion upon Seclusion claim under 28 U.S.C. § 1367 because the TCPA and Intrusion upon Seclusion claims are so

related in the action that they form part of the same case or controversy under Article III of the United States Constitution. Each claim involves the same transaction and series of events related to PLL's multiple, harassing telephone calls to collect an alleged consumer debt against Plaintiff.

4. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and PLL reside and/or do business in the District of Nevada.

5. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

6. Plaintiff is an adult individual residing in the State of Nevada.

7. PLL is a foreign limited-liability company whose principal purpose is the collection of consumer debts.

## FACTUAL ALLEGATIONS

8. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth herein.

9. On at least 44 occasions between May 20, 2019 and July 5, 2019, PLL representatives initiated calls to Plaintiff's cellular telephone using an Automatic Telephone Dialing System ("ATDS") seeking to collect an alleged consumer debt.

10. Plaintiff advised the representative to cease communications to his cellular telephone immediately.

11. Plaintiff has never had an account with PLL.

12. Plaintiff has never provided PLL with consent to contact him in any way.

13. PLL representatives continued to harass Plaintiff with repeated telephone calls using an ATDS to collect the alleged debt despite receiving Plaintiff's demand to cease.

14. The continued harassing phone calls have caused Plaintiff actual harm, not only because he was subjected to the aggravation and invasion of privacy that necessarily accompanies repeated phone calls after demands to cease, but also because Plaintiff had to pay his cellular provider for receiving these harassing calls.

///

## FIRST CLAIM FOR RELIEF

**[Violations of the TCPA; 47 U.S.C. § 227, et seq.]**

15. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

16. The TCPA regulates, among other things, the use of automatic telephone dialing systems ("ATDS").

17. The TCPA defines an ATDS as equipment having the capacity –

   (A) To store or produce telephone numbers to be called, using random or sequential number generator; and

   (B) To dial such numbers.

18. The TCPA makes it unlawful to make any call, other than a call made for emergency purposes or made with the prior express consent of the called party, using an ATDS or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

19. PLL employs an ATDS that meets the definition set forth in 47 U.S.C. § 227 in that the equipment and software has the capacity to store or produce telephone numbers to be called, which includes auto-dialers and predictive dialers.

20. On at least 44 occasions, PLL initiated unauthorized ATDS telephone calls to Plaintiff's cellular telephone without prior express consent.

21. Each of these calls occurred after Plaintiff advised PLL representatives to cease communications, both verbally and in writing.

22. PLL made all calls to Plaintiff without Plaintiff's prior express consent.

23. PLL's unauthorized calls to Plaintiff were not for an "emergency purpose."

24. PLL is responsible for making the above-described automated calls.

25. PLL either willfully or negligently initiated multiple calls to Plaintiff using an ATDS in violation of the TCPA.

26. Each of the calls referenced in this Complaint by PLL represents a separate violation of the TCPA.

27. As a direct and proximate result of PLL's willful and/or negligent violations of the TCPA, Plaintiff is entitled to an award of $500 statutory damages, or treble damages up to $1,500 statutory damages for each call in violation of the TCPA under 47 U.S.C. § 227 (b)(3)(B) and 47 U.S.C. § 227 (b)(3)(C).

28. Plaintiff suffered invasion of privacy as a direct and proximate result of PLL's unauthorized calls.

29. Plaintiff is further entitled to injunctive relief prohibiting such conduct by PLL in the future.

## SECOND CLAIM FOR RELIEF

### [Intrusion upon Seclusion]

30. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

31. PLL repeatedly contacted Plaintiff despite demands to cease contact.

32. PLL's repeated, unwanted, and harassing phone calls were an intentional intrusion against Plaintiff and occurred after demands to cease.

33. PLL's phone calls were an unreasonable intrusion upon Plaintiff's seclusion because they disturbed Plaintiff's life, causing him ongoing distress and anguish.

34. PLL's phone calls would be highly offensive to a reasonable person.

35. Any reasonable person would be offended and harassed by receiving 44 unwanted communications from a debt collector seeking to collect a debt the consumer does not owe after demands to cease.

36. Plaintiff has an objectively reasonable expectation of seclusion and solitude as it relates to receiving multiple, harassing, and unwanted phone calls to his personal cell phone.

37. As a direct and proximate result of PLL's conduct, Plaintiff has suffered distress, anguish, injury to his privacy and peace of mind, and has suffered monetary damages to be proven at the time of trial in this matter.

**THEREFORE,** Plaintiff prays for relief as follows:

1. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and

interest incurred;

2. For an award of actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of PLL's intentional, reckless and/or negligent TCPA violations and PLL's intrusion upon Plaintiff's seclusion;

3. Statutory damages of $500 for each call in violation of the TCPA under 47 U.S.C. § 227 (b)(3)(B);

4. Treble damages of up to $1,500 for each call in violation of the TCPA under 47 U.S.C. § 227 (b)(3)(C);

5. For injunctive relief;

6. For an award of punitive damages; and

7. For such other further relief as the Court deems proper.

Dated: August 21, 2019

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez* .
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***